UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PHILIP and STACEY VANNUCCI,  No. 11-11890

                                Debtor(s).
_____/

DONALD BELLOWS, et al.,

                               Plaintiff(s),

         v.  A.P. No. 11-1221

PHILIP and STACEY VANNUCCI,

                               Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

     Chapter 7 debtor and defendant Philip Vannucci is an attorney. For several years until her death in 2008, he was the attorney for Beverly Bellows, mother of plaintiff Donald Bellows. The complaint in this adversary proceeding alleges that Vannucci entered into a conspiracy with Beverly's son Fred to disinherit Donald by improperly representing Beverly. It seeks to establish that Vannucci owes Donald a nondischargeable debt under the Bankruptcy Code pursuant to § 523(a)(2)[fraud], § 523(a)(4)[embezzlement or defalcation], and § 523(a)(6)[willful and malicious injury]. Vannucci has

1

1 moved for dismissal.[1]

2 The fraud allegations are easily dismissed. Donald alleges that Vannucci committed fraud by
3 not disclosing to his client Beverly certain actions that Fred was taking aimed at depriving Donald of
4 his inheritance. Donald does not allege that there was any duty of disclosure to him, nor does he allege
5 that he is the legal representative of Beverly's estate. Accordingly, the fraud allegations are
6 insufficient to establish liability under § 523(a)(2).

7 Likewise, the complaint is insufficient to establish liability under § 523(a)(4); Vannucci was
8 not Donald's fiduciary; his duties ran only to Beverly. Moreover, general state law concepts of
9 fiduciary duties are inapplicable to actions for defalcation in a fiduciary capacity under § 523(a)(4).
10 *In re Honkanen,* 446 B.R. 373, 378 (9th Cir BAP). There being no allegation that Vannucci
11 mishandled funds entrusted to him, there can be no liability under § 523(a)(4).[2]

12 The only allegations in the complaint which give the court pause are those allegations in
13 Paragraph 24 and 26. These allegations are essentially that Vannucci, while Beverly's lawyer, assisted
14 Fred in obtaining inheritance at Donald's expense by ignoring the directives of Beverly and instead
15 promoting the interests of Fred. In other words, Donald is suing Vannucci for harming him by
16 advancing Fred's interests while he was Beverly's lawyer.

17 The court begins by noting that Donald has not cited a single case to support his position that
18 an attorney can be sued by a non-client for intentionally misleading a client to the detriment of the
19 non-client. He therefore leaves it to the court to find some sort of legal basis for the his claims.
20 Difficulties with proof and evidence of course come immediately to mind, but for purposes of a motion

---

[1] Vannucci has based his motion to dismiss mostly on grounds that the complaint is too vague as to Vannucci's alleged misconduct. While the court agrees, these grounds miss the real issue in the case, which is whether a nonclient can sue an attorney for intentional misconduct in relation to the client. Thus, neither side has given the court much guidance in dealing with the key issue.

[2] Paragraph 21 of the complaint alleges that Fred mishandled a trust of which he was a trustee. It only alleges that Vannucci "acquiesced" in the transfers, not that he was entrusted with any funds. The allegation is insufficient to state a claim for defalcation against Vannucci.

2

to dismiss court assumes that everything in the complaint is true.

Traditionally, the law in California was that an attorney owed a duty only to his or her client. See *Hall v. Kalfayan,* 190 Cal.App.4th 927, 933 (2010); *Chang v. Lederman,* 172 Cal.App.4th 67, 76 (2009). That is still a requirement for a malpractice suit in most areas of California law. 7A **Cal.Jur.3d,** Attorneys at Law, §644 ["An attorney's duty to his or her client depends on the existence of an attorney-client relationship."] However, in *Biakanja v. Irving,* 49 Cal.2d 647 (1958), the court carved out an exception to the rule in probate-related cases, allowing beneficiaries of negligently-drafted wills to sue the attorney drafter. See also *Lucas v. Hamm,* 56 Cal.2d 583 (1961). More recent cases have narrowly construed *Biakanja* and *Lucas.* In both *Chang* and *Hall*, the California appellate court sustained dismissals of the complaints of non-clients attempting to sue attorneys, finding in each case that the attorney did not owe a duty to the plaintiff.

The California exception to the privity requirement only applies when an attorney negligently fails to carry out the clear intent of the client to benefit the beneficiary; in such cases, the intended beneficiary can sue. In this case, Donald does not allege that Vannucci was negligent. Nor does he allege that he did anything against the express will of his client. He only alleges that he "misrepresented and concealed" facts from him client and, inferentially, that if his client had known the true facts she would have taken steps to protect Donald.

The allegation that Vannucci did not properly represent his client is a claim that belongs only to his client or her estate. There is no California or federal law which creates a duty to anyone else for intentional misconduct. To rule otherwise would be to allow an attorney to be sued by any non-client who alleged that the client did something lawful or failed to act because the attorney acted improperly; disappointed heirs could sue the attorney who drafted a lawful will by alleging that they would have fared better under the will if the attorney had not misled the client. Such a rule would impinge most seriously on the attorney's ethical duties to his or her clients. See *Chang*, 172 Cal.App.4th at 77n4.

Although nowhere mentioned in Donald's opposition - perhaps because it is not squarely raised by the motion - the court must consider the effect of California Welfare and Institutions Code §

3

15657.3(d)(2), erroneously mentioned in the complaint as § 156573(b). It may be possible for Donald to state a claim under this statute, but there is a big flaw in his current complaint: he alleges that *he* was harmed as a result of Vannucci's alleged abuse of Beverly. If there is a claim to be stated under that statute, it is for damage to Beverly, not Donald.

For the foregoing reasons, the court will dismiss the claims under § 523(a)(2) and § 523(a)(4) with prejudice. The claim under § 523(a)(6) will be dismissed with leave to amend. Counsel for Vannucci shall submit an appropriate form of order.[3]

Dated: January 27, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[3] Because the real issues in the case were not addressed by either side, the court will entertain a motion for reconsideration, but only if it is supported by a thorough brief citing cases in which similar relief has been granted to similar plaintiffs.

4